# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50210

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 26, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRAD ALLEN KISER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of seven years with a minimum period of confinement of two years for possession of a controlled substance, and a concurrent term of 180 days for providing false information to a police officer, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Brad Allen Kiser entered an *Alford*[1] plea to possession of a controlled, Idaho Code § 37-2732(c)(1) and providing false information to law enforcement, I.C. §18-5413(2). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of seven years with two years determinate on the possession charge and a concurrent

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

sentence of 180 days for providing false information. Kiser appeals, contending that his aggregate sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Kiser's judgment of conviction and sentence are affirmed.